IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2294-FL

| | |
|---|---|
| LARRY MILLER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>MICHAEL HARDEE, )<br>)<br>Respondent. ) | ORDER |

This matter came before the court on respondent's motion for summary judgment (DE 6) pursuant to Federal Rule of Civil Procedure 56, to which petitioner responded. Also before the court is petitioner's motion to compel (DE 9). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's motion.

**STATEMENT OF CASE**

On July 7, 2010, petitioner was convicted, following a jury trial, in the New Hanover County Superior Court of first-degree burglary and felony larceny. Resp't's Mem. Ex. 1, p.16. Petitioner was sentenced to a term of one hundred forty-six (146) to one hundred eighty-five (185) months' imprisonment for the first-degree burglary conviction and arrested judgment on the felony larceny conviction. Id. Ex. 1, pp. 17-19. Petitioner subsequently filed a notice of appeal, and the court of appeals found no error. Id. Ex. 4.

On August 12, 2011, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the New Hanover County Superior Court. Pet. Attach. 1, pp. 17-41. The superior court denied petitioner's MAR on January 12, 2012. Resp't's Mem. Ex. 5.

On June 15, 2012, petitioner filed a pro se petition for a writ of certiorari in the court of appeals. Pet. Attach. 1, pp. 42-61. On July 3, 2012, the court of appeals denied petitioner's certiorari petition. Resp't's Mem. Ex. 6.

On November 26, 2012, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner alleges the following grounds for relief: (1) there was insufficient evidence to support his conviction for felonious burglary; (2) he was not convicted through an impartial jury; and (3) he received ineffective assistance of counsel. Respondent subsequently moved for summary judgment, and the motion was fully briefed.

## STATEMENT OF FACTS

The facts as summarized by the North Carolina Court of Appeals are as follows:

> On 3, April 2009, Barbara Hines ("Hines") was staying at the Best Western Coastline Inn ("the Best Western") in Wilmington, North Carolina. At approximately 11:30 p.m., Hines went to her suite and prepared for bed. Hines placed her pocketbook, watch and jewelry on a chest near the end of her bed. Inside her pocketbook were her checkbook, credit cards, keys, camera, and glasses. She then went to sleep.
>
> When Hines awoke the next morning, she went to get her watch, and discovered that it was missing. Hines then noticed that her pocketbook was also missing. She walked to the front room of the suite, and found that the chain lock, which she had attached the night before, had been broken off the door and left dangling. Hines called the front desk and reported that someone had broken into her room. The Best Western's general manager, Jacqueline Hodge ("Hodge"), then alerted law enforcement of the burglary.
>
> Officer Fred Clark ("Officer Clark") of the Wilmington Police Department ("WPD") responded to the call and arrived at the Best Western sometime between 6:30 and 6:45 a.m. Hines told Officer Clark that her room had been broken into and gave him a list of items that had been taken. Meanwhile, Hodge retrieved videotape footage from the Best Western which showed an unknown man in a stairwell holding a purse. Hodge assisted police in printing out still images

2

> from the videotape. The photographs were all time stamped from 3 April 2009, from between the hours of 1:00 and 3:00 a.m. Hines later viewed the videotape and identified her purse, which she described as "orange and bulky."
>
> Detective Jason Oakes of the WPD reviewed the still images from the videotape, attached the photographs to an email and sent it to all WPD personnel. His immediate supervisor, Sergeant A.S. Hayes, viewed one of the photographs and recognized the suspect as defendant. Defendant and Sgt. Hayes were cousins.

Resp't's Mem. Ex. 4.

## DISCUSSION

A.  Motion to Compel

Petitioner, in his response to respondent's motion for summary judgment, requests that the court compel respondent to provide him with the unedited recording of his interrogation. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery." Rules Governing § 2254 Cases, Rule 6(a). Additionally, "[a] party requesting discovery must provide reasons for the request." Id., Rule 6(b). In this case, petitioner has not established good cause for discovery. Therefore, petitioner's motion for discovery is DENIED.

3

B.  Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies

4

the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

2. Analysis

a. Sufficiency of the Evidence

In his first claim, petitioner contends that there was insufficient evidence to convict him of first-degree burglary because the State failed to prove that he broke into and entered the victim's hotel room.[1] In particular, petitioner argues that there is no direct physical evidence placing him in

---

[1] Respondent contends that all of the issues raised in petitioner's petition are procedurally barred. Although questions of procedural bar are usually addressed first, the court finds it is in the interest of judicial economy to exercise its discretion and proceed directly to the merits of petitioner's claims. See Lambrix v. Singletary, 520 U.S. 518, 525, (1997) (finding that a court may bypass procedural bar analysis and address claim on merits if it is "easily resolvable against the habeas petitioner").

5

the victim's hotel room. Petitioner raised this issue in his MAR, and the MAR court determined that the claim was not meritorious.

Although claims of insufficient evidence are cognizable on collateral review, a federal court's review of such a claim is "sharply limited." Wright v. West, 505 U.S. 277, 296 (1992). The standard of review for a claim of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright, 505 U.S. at 284; Jackson v. Virginia, 443 U.S. 307, 319 (1979). A court reviewing the sufficiency of the evidence "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). "[C]ircumstantial evidence may support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. George, 568 F.2d 1064, 1069 (4th Cir. 1978).

Petitioner was convicted of first-degree burglary which consists of (1) a breaking and entering, (2) in the nighttime, (3) into the dwelling house or sleeping apartment of another, (4) which is actually occupied at the time of the offense, (5) with the intent to commit a felony therein. State v. Barnett, 113 N.C. App. 69, 74, 437 S.E.2d 711, 714 (1993). The evidence in the record in this action shows that the victim placed her purse and jewelry on a dresser at the foot of her bed and locked the hotel room's chain lock before going to bed. Respt's Mem. Ex. 7, pp. 30-33. When the victim awoke the following morning, she noticed that her purse and jewelry were missing and that the chain lock was broken. Id. Responding police officer, Officer Fred Clark, and the hotel's manager, Jacqueline Hodge, both testified at trial that they saw that the chain lock was broken. Id.

6

pp. 41, 58. Additionally, petitioner was identified by his cousin, also a Wilmington police officer, from a video surveillance photograph that was taken between 1:00 a.m. and 3:00 a.m. on the morning that the victim noticed her property was missing. Id. pp. 50-52, 80-83. Petitioner, in the photograph, was carrying a purse similar to the victim's purse. Id.

The court finds that, viewing the evidence presented at trial, including circumstantial evidence, in the light most favorable to the State, there was substantial evidence presented to conclude that petitioner was guilty of first-degree burglary. Thus, the court GRANTS respondent's motion for summary judgment for this claim.

        b.        Ineffective Assistance of Counsel

In his second claim, petitioner argues that his trial counsel was ineffective because petitioner's counsel requested a jury instruction for the incorrect lesser included offense of first-degree burglary. Petitioner instead urges that his counsel should have requested a jury instruction for the lesser included offense of possession of stolen goods.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish a two-prong test: first, that the petitioner's counsel's performance was "outside the range of professionally competent assistance"; and second, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. pp. 690-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In the state of North Carolina, a defendant is entitled to a jury instruction on a lesser included offense where "the evidence would permit the jury rationally to find defendant guilty of the lesser

7

Case 5:12-hc-02294-FL   Document 10   Filed 02/14/14   Page 7 of 12

offense and acquit him of the greater." State v. Gary, 348 N.C. 510, 524, 501 S.E. 2d 57, 67 (1998). In order to determine if an offense is a lesser included offense of another, "the test is whether the essential elements of the lesser crime are essential elements of the greater crime." State v. Nickerson, 365 N.C. 279, 282, 715 S.E. 2d 845, 847 (2011). "If the lesser crime contains an essential element that is not an essential element of the greater crime, then the lesser crime is not a lesser included offense." Id.

Under North Carolina law, burglary is (1) a breaking and entering, (2) in the nighttime, (3) into the dwelling house or sleeping apartment of another, (4) which is actually occupied at the time of the offense, (5) with the intent to commit a felony therein. Barnett, 437 S.E.2d at 714. Possession of stolen goods, by contrast, contains the following elements: "(1) possession of personal property, (2) having a value of over $400,00, (3) which has been stolen, (4) the possessor knowingly or having reasonable grounds to believe the property was stolen, and (5) the possessor acting with a dishonest purpose." State v. Brown, 85 N.C. App. 583, 585, 355 S.E. 2d 225, 227 (1987). Possession of stolen goods thus contains several elements, including the possession of stolen property, which burglary does not require. Accordingly, possession of stolen goods is not a lesser included offense of burglary, and petitioner's counsel's failure to request such an instruction was not objectively unreasonable. Nor has petitioner shown that there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Based upon the foregoing, the court GRANTS respondent's motion for summary judgment as to this claim.[2]

---

[2] The court notes that petitioner argued in his MAR that counsel's argument to the trial court that petitioner should receive an instruction on misdemeanor breaking and entering prejudiced petitioner because it was an admission that he was in the victim's hotel room, a fact he denied. This claim, however, is without merit because the record reflects that counsel argued for the misdemeanor instruction at the charge conference in front of the trial judge, without the

8

c. Impartial Juror

In his final claim, petitioner asserts that he was not convicted by an impartial jury. The Sixth Amendment "guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors." Irvin v. Dowd, 366 U.S. 717, 722 (1961). The Sixth Amendment also prohibits biased jurors from serving on criminal juries. See United States v. Wood, 299 U.S. 123, 133 (1936). A juror's bias may be established by showing (1) that the juror "failed to answer honestly a material question on *voir dire*"; and (2) that "a correct response [to that question] would have provided a valid basis for a challenge for cause." See McDonough Power Equip, Inc. v. Greenwood, 464 U.S. 548, 556 (1984). Additionally, a litigant must establish that the fairness of his trial was affected either by the juror's "motives for concealing [the] information" or the "reasons that affect [the] juror's impartiality." Id.

Here, petitioner contends that juror number 12 was impartial because she was closely associated with the lead detective who was a witness for the state. However, a review of the trial transcript reveals that, after the detective testified and prior to jury deliberations, juror number 12 disclosed her relationship with the detective and the fact that she and the detective lived in the same neighborhood. Resp't's Mem. Ex. 7, at 100. Upon voir dire, juror number 12 provided a detailed description as to her relationship with the detective and the detective's family. Id. at 100-104. At the conclusion of voir dire, juror number 12 stated that her relationship with the detective did not affect her judgment and that she would not be more apt to believe the detective because of her association with his family. Id. at 101,103. Upon a review of the record, there is no evidence to

---

jury present. Resp't's Mem. Ex. 7, at 97-100. The court denied counsel's request for a lesser included offense. Id. at 100.

9

suggest any deception on the part of juror number 12. Nor has petitioner established that the fairness of his trial was affected by the alleged bias. Thus, the court GRANTS summary judgment as to petitioner's Sixth Amendment claim.

To the extent petitioner raises an ineffective assistance of counsel claim on the grounds that petitioner's counsel failed to request a mistrial due to the alleged juror bias, this claim too is meritless. First, petitioner has not presented any evidence that his counsel's performance was objectively unreasonable under professional standards. Second, petitioner has not demonstrated that there is a "reasonable probability" that, but for the failure to request a mistrial on the grounds of juror bias, the outcome of the proceeding would have been different. Rather, petitioner offers mere conclusory allegations of ineffective assistance of counsel, which are insufficient to establish ineffective assistance of counsel. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992), ("In order to obtain an evidentiary hearing ... a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds recognized by, Yeatts v. Angelone, 166 F.3d 255 (4th Cir.1999).

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

11

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 6) is GRANTED and petitioner's motion to compel (DE 9) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 14th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge